IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ADRIEN JOHN MATUCK,<br><br>Defendant/Movant. | Cause No. CR 12-22-GF-BMM<br>CV 17-57-GF-BMM<br><br><br>ORDER DENYING § 2255 MOTION<br>AND CERTIFICATE OF<br>APPEALABILITY |

This case came before the Court on Defendant/Movant Matuck's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. A jury convicted Matuck of first-degree murder. He is serving a sentence of life in prison. *See* Judgment (Doc. 116) at 2; 18 U.S.C. § 1111(b).

Matuck filed his § 2255 motion *pro se*. After giving Matuck an opportunity to explain a few claims in more detail (Doc. 148), the Court denied all but one. *See* Order Denying Some Claims (Doc. 151).

1

# I.  Voir Dire Claim

The sole remaining claim alleged that counsel unreasonably failed to ascertain, in voir dire, that the jury foreperson, whose name was Brown, was not a relative of the victim, Raymond Brown.  Defense counsel responded by affidavit with a reasonable explanation of why they believed none of the jurors was related to Raymond Brown.  *See* Order (Doc. 155).  The transcript of trial and voir dire did not indicate, however, that anyone told the panel of potential jurors the name of the victim until the United States gave its opening statement.  Conceding the high improbability that a juror actually knew Brown and yet failed to say so, the lack of certainty remained problematic.

The Court appointed new counsel to represent Matuck.  The parties agreed to retain an investigator to locate the trial jurors and ask each of them these questions:

1.  Did the person serve on the jury at Matuck's trial?

2.  Did the person remember serving on the jury?

3.  Did the person have knowledge of, or was the person acquainted with, the victim Raymond Brown at the time of trial?

Sealed Order (Doc. 181) at 1.

The investigator located and questioned all jurors.  All responded "Yes" to the first two questions and "No" to the third.  *See* Sealed Memoranda (Docs. 177, 190).  Neither Matuck's motion and reply nor anything else in the record suggest

any reason to believe a juror knew Brown.

No further proceedings are necessary. Matuck's claim is denied. *See Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Witness testimony and forensic evidence supported Matuck's conviction. *See* Order (Doc. 151) at 11–15. None of his claims supports an inference that something went fundamentally awry at his trial.

Matuck did not tell trial counsel that he believed another person, Grey Bull, was in the house at the time of the murder, and no one else suggested he was there. Despite an invitation to do so, Matuck did not tell the Court anything about a

second person, Leggitt, whom he claimed trial counsel should have interviewed. Matuck claims counsel should have included in his suppression motion an assertion that Matuck asked for a lawyer. An officer testified at trial that Matuck did indeed ask for a lawyer, but no one questioned him at that time, so he was not entitled to lawyer. Four jurors who said in voir dire that they heard media coverage about the murder were not selected for the jury.

Complaints about counsel's allegedly unprofessional conduct were weightless. Counsel reasonably declined to bring to the jury's attention some witnesses' prior inconsistent statements that were more incriminating to Matuck than their trial testimony. Finding or not finding forensic evidence about Matuck and Brown fighting inside or outside the car the night before the murder would not be probative of any contested issue, as everyone agreed that they fought. Matuck's absence from a day of Marine Corps training when the subject was garroting would not negate the effect of Matuck's receipt of the training manual.

The witnesses identified Matuck from a photograph because he had a full head of hair at trial and none at the time of the murder. Witness testimony was not necessary to establish premeditation, because the forensic medical examiner testified that strangling Brown to death would have taken at least 30 seconds of sustained effort. The jury knew Matuck's nose had bled all night and yet none of his blood was found on Brown's recliner. Matuck's claims that counsel failed to

point out other facts to the jury are simply mistaken, because counsel did point out the facts.

Matuck made no allegation suggesting his period of tribal custody contributed in any way to his federal conviction. And his claims of ineffective assistance of appellate counsel failed to identify any omitted but potentially valid claim.

Finally, the Court addressed at length Matuck's claim about his status as an Indian person. *Lockhart v. Fretwell*, 506 U.S. 364, 370-72 (1993), required its denial, and key factual distinctions between Matuck's case and the later-overruled panel decision in *United States v. Zepeda*, 738 F.3d 201 (9th Cir. 2013), rendered his claim insubstantial even apart from *Fretwell*.

There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, **IT IS ORDERED**:

1. Matuck's voir dire claim is **DENIED**. All claims having been denied, Matuck's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 146) is **DENIED**.

2. A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Matuck files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 17-57-GF-BMM are terminated and shall close the civil file by entering

judgment in favor of the United States and against Matuck.

DATED this 2nd day of March, 2020.

_____

Brian Morris
United States District Court Judge